UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| HAROLD DEWHURST and DAVID BRYAN, on behalf of themselves and all other persons similarly situated, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC, <br><br> Plaintiffs, <br><br> v. <br><br> CENTURY ALUMINUM COMPANY, CENTURY ALUMINUM OF WEST VIRGINIA, INC., CENTURY ALUMINUM MASTER WELFARE BENEFIT PLAN, and DOES 1 THROUGH 20, <br><br> Defendants. | C.A. No. 2:09-cv-1033 <br><br> **COMPLAINT FOR BREACH OF LABOR CONTRACT AND FOR BREACH OF ERISA PLAN** <br><br> Class Action <br><br> **Demand for Jury Trial** |

## COMPLAINT AND JURY DEMAND

### I.  INTRODUCTION

1. Plaintiffs Harold Dewhurst and David Bryan ("Class Representatives"), on behalf of themselves and all other persons similarly situated, and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("USW"), by their attorneys, Stember Feinstein Doyle & Payne, LLC, bring this action against Defendants Century Aluminum Company ("CAC"), its wholly-owned subsidiary Century Aluminum of West Virginia, Inc. ("CAWV"), the Century Aluminum Master Welfare Plan ("Plan") and Does 1 Through 20, and aver as follows.

2.      This action is brought by named Class Representatives on behalf of themselves and a class of similarly-situated retirees, spouses and surviving spouses ("Class Members") pursuant to Rule 23 of the Federal Rules of Civil Procedure, and by the USW, which was the collective bargaining representative for certain employees of CAWV or its predecessors.

3.      Class Members earned their right to retiree medical benefits through decades of employment. Now retired, Class Members rely on retiree medical benefits for their medical needs. The rights were created through collective bargaining between CAWV (or its predecessors) and the USW, which represented retiree Class Members before they retired. The successive labor agreements contained provisions which established CAWV's obligation to provide retiree medical benefits throughout retirement at no cost. Despite these contract provisions, as well as other promises to provide benefits to Class Members throughout retirement, CAWV has announced its intention to eliminate coverage and/or instituted premiums or other benefit changes, effective January 1, 2010.

4.      Since Class Members' retiree medical benefits were the result of bargaining between labor organizations and an employer, the actions of CAWV and CAC are actionable in this Court under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Defendants' conduct also violates Class Members' rights under an employee benefit plan, and is therefore actionable in this Court under Section 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3).

## II. JURISDICTION and VENUE

5.      As both Counts raise federal questions, this Court has jurisdiction over them under 29 U.S.C. § 1331. This Court has jurisdiction over Count I under § 301 of the LMRA, 29

U.S.C. § 185, and over Count II under § 502(e)(1) and (f) of ERISA, 29 U.S.C. § 1132 (e)(1) and (f). Venue in this judicial district is proper under § 301 of LMRA, 29 U.S.C. § 185, and § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

### III. PARTIES

6. Defendant CAC is a Delaware corporation with principal offices in Monterey, California. CAC operates aluminum plants in Hawesville, Kentucky; Ravenswood, West Virginia; Mt. Holly, South Carolina; and in Iceland. CAC is the parent company of Defendant CAWV. Upon information and belief, CAC is the plan administrator of the Defendant Plan (identified in ¶ 8) which provides the retiree health insurance benefits here at issue. Defendant CAC has such extensive contacts within this judicial district that it "may be found" in this district within the meaning of 29 U.S.C. § 1132(e)(2).

7. Defendant CAWV is a Delaware corporation. CAWV is an employer engaged in commerce, operating an aluminum plant in Ravenswood, West Virginia. The Ravenswood plant was previously owned by Kaiser Aluminum Corporation. In 1989, Ravenswood Aluminum Corporation purchased certain of the primary aluminum smelting and related operations at Ravenswood from Kaiser Aluminum Corporation. In 1997, Ravenswood Aluminum Corporation was renamed Century Aluminum of West Virginia, Inc. ("CAWV"). On information and belief, CAWV is the plan sponsor of and also a fiduciary of the Defendant Plan (identified in ¶ 8) which provides the retiree health insurance benefits here at issue. Defendant CAWV is sued in its capacities as employer, plan sponsor and fiduciary. Defendant CAWV is qualified and registered to do business in Ohio and has such extensive contacts within this judicial district that it "may be found" in this district within the meaning of 29 U.S.C. § 1132(e)(2).

8. Defendant Plan is an "employee benefit plan" within the meaning of ERISA and provides retiree health benefits to Class Members through the Retired Employees' Group Insurance Program. On information and belief, the Plan's sponsor is Defendant CAWV and the Plan's administrator is CAC, as alleged in ¶¶ 6-7. The Plan is sued as a party that may be needed for just adjudication under Rule 19 of the Federal Rules of Civil Procedure ("FRCP"), and also as a party responsible for providing benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. §§ 1132(a)(1)(B).

9. Defendants John Does 1 through 20, inclusive, are natural persons and/or corporate entities sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When said true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities. Plaintiffs are informed and believe and thereupon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that injury to the Class Members alleged is or will be proximately caused by such Defendants.

10. Plaintiffs are informed and believe and thereupon allege that, at all times mentioned, each of the Defendants was the co-venturer, partner, alter ego, or in some manner agent or principal, or both, of the other Defendants, and in doing the things alleged was acting within the course and scope of such agency. Among the entities which have this co-venturer, partner, alter ego, or agent or principal relationship are the parent corporation CAC and its wholly owned subsidiary CAWV, and it is appropriate to pierce the corporate veil between these two entities, and/or treat them as a single employer.

11. Plaintiff and Class Representative Harold Dewhurst is an adult resident of Rutland, Ohio, within this federal judicial district. Until he retired in 1995, Dewhurst worked for

CAWV or its predecessors at the Ravenswood plant, where he was a member of the USW bargaining unit.

12. Plaintiff and Class Representative David G. Bryan is an adult resident of Gallipolis, Ohio, within this federal judicial district. Until he retired in 1994, Bryan worked for CAWV or its predecessors at the Ravenswood plant, where he was a member of the USW bargaining unit.

13. Plaintiff USW is a labor organization headquartered in Pittsburgh, Pennsylvania. USW was known for decades as the United Steelworkers of America, AFL-CIO/CLC, before it changed its name in 2005 to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC. The USW does business within this federal judicial district and maintains multiple offices within this district. The USW and CAWV (or its predecessors) have negotiated collective bargaining agreements, including the collectively bargained Plan, for hourly employees working at the Ravenswood plant.

### IV. STATEMENT OF FACTS

14. For many years through the present, CAWV (and its predecessors) have operated a plant in Ravenswood, West Virginia, where they have manufactured aluminum. The Ravenswood plant is on the border of Ohio, and many of its current and retired employees, including Class Representatives, reside in Ohio.

15. CAWV (including its predecessors) and the USW have a long-standing collective bargaining relationship and have been parties to a series of collective bargained agreements ("CBAs") covering bargaining unit employees at the Ravenswood plant. The current CBA,

which commenced on June 1, 2006, has been extended by CAWV and the USW through August 31, 2010.

16. As part of the CBA negotiations, CAWV and the USW negotiated retiree health benefits that were set forth in a booklet entitled "Retired Employees' Group Insurance Program" and incorporated in every CBA.

17. The Retired Employees Group Insurance Program, which is part of the Century Aluminum Master Welfare Plan, provides for retiree health benefits to Class Members at no monthly cost "as [CAWV] pays the monthly cost."

18. The intent of the parties in negotiating the terms governing retiree health benefits (including terms set forth in the Retiree Employees Group Insurance Program) was that, once a person retired, the benefits were "vested" in that they were not subject to unilateral termination or reduction by CAWV.

19. On or about October 19, 2009, long after Class Members' rights had vested, CAWV (on information and belief, with the approval and participation of CAC and the Plan), announced that it would be reducing and/or eliminating retiree health insurance as of January 1, 2010, claiming that it could no longer afford to provide it. Specifically, the unilateral changes include:

- Canceling coverage to spouses and dependants who are age 65 or older.

- Imposing premiums for Class Members under the age of 65 of $55 per month for single coverage, $100 per month for joint coverage, and $175 per month for family coverage.

20. Defendants are jointly and severally liable for the obligations arising under the collectively-bargained agreements to provide retirees health insurance at the levels specified in the agreements.

21.     By unilaterally reducing retiree health insurance, Defendants breached their obligations to Plaintiffs and to all Class Members.

## V.  CLASS ACTION ALLEGATIONS

22.     With respect to the claim regarding retiree health insurance, Class Representatives bring this class action on behalf of themselves and a class of retirees (including their spouses, surviving spouses and eligible dependents) consisting of former employees of CAWV or its predecessors (1) who were represented by the USW while working at the Ravenswood plant and who retired from CAWV or its predecessors having met the eligibility requirements in effect at their retirement for retiree health insurance specified in collectively bargained agreements, and (2) as to whom CAWV has announced that it will reduce or eliminate retiree health care benefits.

23.     While the exact number of Class Members is not presently known, on information and belief, it exceeds four hundred.  As such, it is so numerous that joinder of individual members in this action is impracticable.

24.     Class Members seek retiree health insurance coverage from the same or substantially similar collectively bargained employee benefit plans.

25.     There are common questions of law and fact that relate to and affect Class Members -- namely, whether retiree health insurance benefits were meant to last, unaltered, throughout retirement, as set forth in more detail below in Counts I and II of this Complaint.

26.     The relief sought is common to all Class Members as set forth below in the section titled, "Relief Requested."

27.     The claims of Class Representatives are typical of the claims of all Class Members, namely that Defendants are obligated under LMRA § 301 and ERISA to provide them

with retiree health insurance benefits, as provided under collectively-bargained agreements between CAWV and the USW, and that Defendants could not unilaterally terminate or modify these benefits. There is no conflict between Class Representatives and any other Class Member with respect to this action.

28. The Class Representatives will fairly and adequately protect the interests of the Class Members. Attorneys for the Class Representatives are experienced and capable in the field of labor law and ERISA and have successfully litigated numerous LMRA and ERISA class actions involving retiree benefits of former union employees.

29. This action is properly maintained as a class action under Federal Rule of Civil Procedure 23(b)(2), in that Defendants have acted on grounds generally applicable to the class by unilaterally changing retiree health insurance and retiree life insurance benefits they are obligated to provide to Class Members, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole.

30. Alternatively, this action is maintainable as a class action under FRCP Rule 23(b)(3), as the common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. Alternatively, this action is maintainable as a class action under FRCP Rule 23(b)(1): Because of the uniform standards of conduct imposed by ERISA, the prosecution of separate actions by individual members of the class would create a risk of: (i) inconsistent adjudications that would establish incompatible standards of conduct for Defendants, and (ii) adjudications that would be dispositive of the interests of non-party class members or substantially impair such non-party class members' ability to protect their interests.

## COUNT I

### Violation of Collective Bargaining Agreements, Actionable under LMRA § 301
### (Against Defendants CAWV and CAC by Individual Plaintiffs and USW)

32. Plaintiffs incorporate by reference all preceding allegations as though fully set forth here.

33. The collectively bargained agreements described above providing for retiree health benefits are "contract[s] between an employer and a labor organization" within the meaning of LMRA § 301, 29 U.S.C. § 185. The contracts conferred upon all Class Members a vested right to retiree health benefits throughout retirement. By announcing that they are unilaterally reducing and/or eliminating this coverage, CAWV and CAC breached these contracts.

34. CAWV's and CAC's breach of its collectively bargained obligations is actionable under LMRA § 301, 29 U.S.C. § 185.

## COUNT II

### Violation of Employee Benefit Plan, Actionable under ERISA § 502(a)(1)
### (Against all Defendants by Individual Plaintiffs only)

35. Plaintiffs incorporate by reference all preceding allegations as though fully set forth here.

36. Defendants are obligated to provide retiree health benefits pursuant to the terms the Retired Employees Group Insurance Program within the Plan, which is an ERISA plan. The collectively bargained agreements described above providing for retiree health are "plan documents." Defendants violated the terms of these agreements by announcing the unilateral reduction and/or elimination of these benefits.

37. Defendants' repudiation of terms of the Plan is actionable under ERISA § 502(a)(1)(B) and (a)(3), 29 U.S.C. § 1132(a)(1)(B) and (a)(3). These ERISA provisions allow a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," and further "to enjoin any act or practice which violates . . . the terms of the plan, or . . . to obtain other appropriate equitable relief . . . to redress such violations or . . . to enforce . . . the terms of the plan." Additionally, a participant suing under these provisions is entitled to interest on any retroactive amounts awarded.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Certify this action as a class action and appoint Stember Feinstein Doyle & Payne, LLC, as counsel for the Class.

B. Declare that the retiree health insurance provided by the collectively-bargained agreements and Retired Employees' Group Insurance Program cannot be unilaterally terminated or modified by Defendants.

C. Permanently enjoin Defendants from terminating or modifying retiree health insurance coverage provided to Class Members under the collectively-bargained agreements and the Retired Employees' Group Insurance Program

D. Award to Class Representatives and to Class Members retiree health insurance benefits, pursuant to the terms of the collectively-bargained agreements and the Retired Employees' Group Insurance Program, and/or monetary damages or restitution or other monetary relief (plus interest), as necessary, to restore them to

       the position in which they would have been but for Defendants' contractual and statutory violations.

E.     Award Plaintiffs their reasonable attorneys' fees and costs incurred in this action.

F.     Grant such further relief as may be deemed necessary and proper.

## VII.  JURY DEMAND

Plaintiffs request a jury trial of all issues so triable.

          Respectfully submitted,

          s/ William T. Payne
          William T. Payne (PA ID No. 38083)[1]
          wpayne@stemberfeinstein.com
          STEMBER FEINSTEIN DOYLE &
               PAYNE, LLC
          Pittsburgh North Office
          1007 Mt. Royal Blvd.
          Pittsburgh, PA 15223
          (412) 492-8797 Tel.

          John Stember (PA ID No. 23943)
          jstember@stemberfeinstein.com
          Stephen M. Pincus (PA ID No. 88976)
          spincus@stemberfeinstein.com
          STEMBER FEINSTEIN DOYLE
               & PAYNE, LLC
          1705 Allegheny Building
          429 Forbes Avenue
          Pittsburgh, PA 15219
          (412) 281-8400 Tel.

          Dated:  November 13, 2009

---

[1] All of the attorneys are members of the Bar of the United States District Court for the Southern District of Ohio.