UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


**HAROLD DEWHURST and DAVID BRYAN,**
**on behalf of themselves**
**and all other persons**
**similarly situated, and**
**UNITED STEEL, PAPER AND FORESTRY,**
**RUBBER, MANUFACTURING, ENERGY,**
**ALLIED INDUSTRIAL AND SERVICE**
**WORKERS INTERNATIONAL UNION,**

       Plaintiffs

**v.**                            Civil Action No. 2:09-1546
                                      (Lead Action)


**CENTURY ALUMINUM COMPANY,**
**CENTURY ALUMINUM OF**
**WEST VIRGINIA, INC.,**
**CENTURY ALUMINUM MASTER WELFARE BENEFIT PLAN,**
**DOES 1 THROUGH 20,**

       Defendants


**CENTURY ALUMINUM OF**
**WEST VIRGINIA, INC.,**

       Plaintiff,

**v.**                            Civil Action No. 2:09-1193
                                    (Consolidated Action)


**UNITED STEEL, PAPER AND FORESTRY,**
**RUBBER, MANUFACTURING, ENERGY, ALLIED**
**INDUSTRIAL AND SERVICE WORKERS**
**INTERNATIONAL UNION, AFL-CIO/CIC,**
**and USW LOCAL NO. 5668, and LLOYD CONNER,**
**JAMES KING, MICHAEL BARKER, and**
**JOHN ASHBY individually and as representatives**
**of a defendant class of retirees,**

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the motion of the defendants in the consolidated action to dismiss the consolidated action, filed January 11, 2010, in the lead action.

### I.

On October 19, 2009, Century sent letters to the Retirees stating its intention to modify or terminate their health benefits effective January 1, 2010.  Century's decision affected those former employees who retired after February 6, 1989, and before June 1, 2006.  The letter provided that all Retiree health coverage would terminate for those 65 years of age or older.  For those Retirees who had not yet reached 65 years of age, a system of monthly premiums, deductibles and increased co-payments was instituted.  The letter also claimed that Century possessed an unqualified right to unilaterally change or terminate health coverages at any time.

On November 2, 2009, Century instituted the consolidated action in this court, naming as defendants the Union, Lloyd Conner, James King, Michael Barker, and John Ashby.

The individual defendants are putative class representatives.
The two-count class action complaint seeks a declaratory judgment
that Century's decision to modify and/or terminate the Retirees'
medical benefits does not violate the terms of the CBAs, SPDs or
the Employee Retirement Income Security Act ("ERISA").

On November 25, 2009, consolidated action defendants
moved to dismiss the consolidated action, asserting as follows:

> Here, as shown, the Company has no right to sue under
> ERISA. The Ohio plaintiffs[, in a later filed civil
> action discussed immediately below,] assert claims
> under both LMRA § 301 and ERISA, and seek to vindicate
> their full panoply of differing rights under both
> statutes. Because the Company's suit will not resolve
> all of the issues involved in the dispute, the
> Complaint should be dismissed. Further, the court in
> Centennial Life found it "particularly salient" that
> the parallel proceeding not only raised issues not
> raised there, but also included an additional
> defendant.  Here, the Ohio Action names two defendants
> not party to the instant action. Further, it also is
> salient that the three persons named by the Company as
> individual defendants who have been served have no wish
> to perform the role of class representatives.

(Defs.' Memo. in Supp. of Mot. to Dism. at 20 (citations
omitted)).

On November 13, 2009, the lead action, referred to as
the "Ohio Action" in the preceding quote, was instituted in the
United States District Court for the Southern District of Ohio.
The lead action is prosecuted by two putative class representa-
tives, Harold Dewhurst and David Bryan, along with the Union.

On December 23, 2009, the lead action was transferred to this court.  The court has certified the class in the lead action today, which consists of approximately 437 retirees, along with the benefit-eligible spouses and dependents of deceased Retirees.  The two-count class complaint in the lead action alleges that Century's actions contravene the applicable CBAs in violation of section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and violate sections 502(a)(1)(B) and (a)(3) of ERISA, 29 U.S.C. § 1132(a)(1)(B) and (a)(3).

II.

The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes district courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  Id.  At the same time, district courts are not obligated to make such declarations.  The power to award declaratory relief is discretionary.  Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 421 (4th Cir. 1998) (citing Wilton v. Seven Falls Co., 515 U.S. 277, 290 (1995)); see also Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996).

**4**

As a general matter, a district court should entertain a declaratory judgment action when it finds that the declaratory relief sought: "'(1) will serve a useful purpose in clarifying and settling the legal relations in issue,' and '(2) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'"  Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 423 (4th Cir. 1998) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)).  The court must also weigh considerations of federalism, efficiency, and comity in determining whether relief under the Declaratory Judgment Act is appropriate.  Id. (citing Mitcheson v. Harris, 955 F.2d 235, 237-40 (4th Cir. 1992)).

The parties agree that the court should initially ascertain if the declaratory judgment sought in the consolidated action (1) will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.  Defendants in the consolidated action assert that it serves no useful purpose inasmuch as the lead action will resolve the same issues in Century's chosen forum. Century responds that the declaratory action will serve a useful purpose by "'clarifying and settling the legal relations in

issue.'" Century does not indicate, however, what useful purposes the consolidated action will serve beyond those that will be accomplished by adjudication of the lead action.

It appears that the factual and legal questions to be resolved in both actions are essentially identical.  Century seeks a declaratory judgment that the modification and termination of the Retirees' healthcare benefits does not contravene any collective bargaining agreements or plan descriptions between the parties in violation of either the LMRA or ERISA.  The complaint in the lead action alleges that Century's modification and termination decision contravened the terms of the collective bargaining agreements in violation of both ERISA and the LMRA.  The court will thus be called upon to essentially resolve the same issues in both the lead and consolidated actions.

The only significant difference in substance between the two actions is the relief sought.  The complaint in the lead action seeks relief beyond the declaration of Century's ability to modify and terminate the Retirees' benefits.  It seeks restitution and monetary relief.  One might expect this to be the case since those prosecuting the lead action are appropriately understood to be the "natural plaintiffs" in this dispute.

Newell Operating Co. v. International Union of United Auto.,
Aerospace, and Agr. Implement Workers of Am., 532 F.3d 583, 591
(7th Cir. 2008) ("The district court noted that 'the retirees and
their union filed a class action suit approximately one month
after this declaratory-judgment action was filed [by the employer
and the benefit plan].  The record reflects both sides expected
the action by the "natural plaintiffs."' We are usually wary of a
declaratory-judgment action that is "'aimed solely at wresting
the choice of forum from the natural plaintiff.'"), overruled on
other grounds, Envision Healthcare, Inc. v. PreferredOne Ins.
Co., 604 F.3d 983, 986 n.1 (7th Cir. 2010).

        Inasmuch as a broader request for relief is found in
the lead action, it should proceed to final judgment.  Inasmuch
further as the declarations sought in both the lead and
consolidated complaints are essentially identical, the
adjudication of the lead action will provide complete relief to
all parties without the necessity of the lead and consolidated
actions running simultaneously toward final judgment.

        Considering the foregoing discussion, and the
efficiency and simplicity of proceeding with one instead of two
civil actions, the court declines the exercise of jurisdiction
over the consolidated action.

7

Based upon the foregoing, it is, accordingly, ORDERED as follows:

1.   That defendants' motion to dismiss the consolidated action be, and it hereby is, granted;

2.   That the consolidated action be, and it hereby is, dismissed; and

3.   That the entry of judgment in the consolidated action be, and it hereby is, held in abeyance pending the final adjudication of the lead action.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED:   June 24, 2010

John T. Copenhaver, Jr.
United States District Judge