IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| HAROLD DEWHURST and DAVID BRYAN, on behalf of themselves and all other persons similarly situated, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC ) ) ) ) ) ) ) ) ) | Case No. 2:09-cv-01546 Judge John T. Copenhaver, Jr. |
| Plaintiffs, ) ) | |
| v. ) ) | |
| CENTURY ALUMINUM COMPANY, CENTURY ALUMINUM OF WEST VIRGINIA, INC., CENTURY ALUMINUM MASTER WELFARE BENEFIT PLAN, and DOES 1 THROUGH 20, ) ) ) ) ) ) | |
| Defendants, ) ) ) | |
| ~~CENTURY ALUMINUM OF WEST VIRGINIA, INC.,~~ ) ) | |
| ~~Plaintiff,~~ ) ) | |
| v. ) ) | ~~Case No. 2:09-cv-01193~~ |
| ~~UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC, and USW LOCAL NO. 5668, and LLOYD CONNER, JAMES KING, MICHAEL BARKER, and JOHN ASHBY individually and as Representatives of a defendant class of retirees,~~ ) ) ) ) ) ) ) ) ) | |
| ~~Defendants.~~ ) | |

## [PROPOSED] ORDER GRANTING JOINT MOTION FOR CLASS CERTIFICATION

The Court has reviewed the Joint Motion for Class Certification submitted by Plaintiffs United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO/CLC ("USW"), and Harold Dewhurst and David Bryan ("Class Representatives"), on and behalf of themselves and all other persons similarly situated (collectively, "Plaintiffs") and Century Aluminum Company, Century Aluminum Company of West Virginia, Inc., Century Aluminum Master Welfare Benefit Plan, and Does 1 through 20 (collectively, "Defendants"). ~~Century Aluminum of West Virginia, Inc. ("Counter-Plaintiff"), and USW, USW Local No. 5668, (collectively, "Counter-Defendants")~~. The Court has also reviewed and considered the materials submitted by Plaintiffs at Dkt. #32 in support of Plaintiffs' Amended Motion for Class Certification. Based on these submissions, the Court concludes that all requirements of Federal Rule of Civil Procedure 23 are satisfied and accordingly grants the motion and appoints Class Counsel, based on the following specific findings and rulings:

1. For a class to be certified, the proposed group of litigants must satisfy the four requirements of Rule 23(a) and fall within one of the three subdivisions of Rule 23(b); in addition, appointment of class counsel requires satisfaction of Rule 23(g)(1)(C)(i).

2. Because there are over 400 class members, the class is so numerous that joinder of all members is impracticable, satisfying Fed. R. Civ. P. 23(a)(1).

3. There are common questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2), because members of the proposed class are covered by the same labor agreements and plan documents. Common questions include: (1) whether Section 301 of the LMRA, 29 U.S.C. § 185(a), allows Defendants/~~Counter-Plaintiff~~ to or prohibits Defendants/~~Counter-Plaintiff~~ from

unilaterally reducing and/or terminating class members' health-care benefits; and (2) whether ERISA, 29 U.S.C. §§ 1132 (a)(1)(B) and (a)(3), also allows or prohibits Defendants/~~Counter-Plaintiff~~ from so doing.

4. Fed. R. Civ. P. 23(a)(3) is satisfied because the Class Representatives' claims are typical of the claims of the proposed class. Defendants/~~Counter-Plaintiff~~ have unilaterally eliminated and/or reduced hourly retiree health care benefits, which affects the Class Representatives and the proposed class in the same way.

5. Fed. R. Civ. P. 23(a)(4) is satisfied because the Class Representatives and their counsel will fairly and adequately protect the interests of the class. First, Class Representatives have common interests with unnamed class members, as established by the fact that Rule 23(a)(2) commonality and Rule 23(a)(3) typicality are satisfied; further, nothing suggests that Class Representatives have interests that are conflicting or antagonistic to the interests of the proposed class. Second, Class Representatives will vigorously represent the interests of the proposed class through qualified counsel, as discussed in the following paragraph.

6. Rule 23(g)(1)(C)(i) requires that the Court consider the following factors when appointing class counsel: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. The Court has carefully considered each of these factors and concludes that each is satisfied here.

7. The Court finds that the requirements of Fed. R. Civ. P. 23(b)(2) are satisfied, i.e., that Defendants/~~Counter-Plaintiff~~ have acted or refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive relief or

corresponding declaratory relief with respect to the class as a whole. Specifically, Defendants/~~Counter-Plaintiff~~ have acted on grounds generally applicable to the entire proposed class by eliminating and/or reducing health care benefits. Accordingly, injunctive or declaratory relief accordingly is appropriate with respect to the class as a whole.

8. The Court also finds that the requirements of Fed.R.Civ.P. 23(b)(1)(A) are satisfied, i.e., that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the parties opposing the class.

9. The Court further finds that the requirements of Fed. R. Civ. P. 23(b)(3) are satisfied, i.e., that questions of law or fact common to members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Specifically, the claims here arise from a single course of conduct that affects all proposed class members in the same way.

10. Based on the foregoing, the Court hereby certifies the following class consisting of all persons:

> who (1) are or were employee-participants in the Kaiser Aluminum Corporation and/or Ravenswood Aluminum and/or Century Aluminum of West Virginia, Inc. employee benefit plans which provide for retiree medical benefits, and (2) as to whom the USW had been the participants' collective bargaining representative, and who worked at the Ravenswood, West Virginia plant at the time of their retirement, and (3) who retired from Ravenswood Aluminum Corporation or Century Aluminum of West Virginia, Inc. after February 6, 1989 and before June 1, 2006, and (4) who are affected by Century Aluminum of West Virginia Inc.'s modifications to or termination of retiree health benefits announced on or about October 19, 2009. In addition, all dependents of participants, or spouses or surviving spouses of participants who meet criteria 1-4.

11. Class claims are those alleged in Plaintiffs' ~~and Counter-Plaintiffs'~~ Complaints, including the claim that Section 301 of the LMRA, 29 U.S.C. § 185(a), as well as ERISA, 29 U.S.C. §§ 1132 (a)(1)(B) and (a)(3), permit or prohibit Defendants/~~Counter-Plaintiff~~ from unilaterally eliminating or reducing class members' health-care benefits.

12. William T. Payne, John Stember, Pamina Ewing, Stephen M. Pincus and Bradley J. Pyles are appointed as counsel for the class. As discussed above, the Court finds that these attorneys will fairly and adequately represent the interests of the class, in consideration of the work counsel has done in identifying or investigating potential claims in this action; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action; counsel's knowledge of the applicable law; and the resources counsel will commit to representing the class.

So Ordered,

Date: June 24, 2010

John T. Copenhaver, Jr.
United States District Judge

cc: All parties of record

WAI-2951554v1