```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

HAROLD DEWHURST and DAVID BRYAN,
on behalf of themselves
and all other persons
similarly situated, and
UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL UNION,

  Plaintiffs

v.            Civil Action No. 2:09-1546

CENTURY ALUMINUM COMPANY,
CENTURY ALUMINUM OF
WEST VIRGINIA, INC.,
CENTURY ALUMINUM MASTER WELFARE BENEFIT PLAN,
DOES 1 THROUGH 20,

  Defendants

## MEMORANDUM OPINION AND ORDER

  Pending are (1) defendants' motions to dismiss the First Amended Complaint ("motion to dismiss") and to stay discovery pending a ruling on the motion to dismiss ("motion to stay"), filed October 14, 2011, (2) plaintiffs' motion for leave to file a Second Amended Complaint, filed November 14, 2011, (3) the motion to withdraw, filed November 14, 2011, by plaintiffs' counsel John Stember ("motion to withdraw"), and (4) plaintiff's unopposed motion to file a surreply as to the motion to dismiss, filed December 19, 2011.[1]

---

[1] The motion to dismiss otherwise would have ripened with the filing of defendants' reply on December 6, 2011.

The court first addresses plaintiff's motion for leave to file a Second Amended Complaint and defendants' motion to dismiss.  Plaintiffs assert that the Second Amended Complaint "include[s] more specific allegations in response to" defendants' motion to dismiss.  (Mot. to Am. at 1; Pls.' Mem. in Supp. at 1-2 ("Plaintiffs submit their proposed Second Amended Complaint in response to Defendants' Motion to Dismiss First Amended Complaint . . . .  While Plaintiffs . . . believe that their First Amended Complaint . . . sufficiently states claims upon which relief may be granted, Retirees expand on these allegations in the proposed Second Amended Complaint in order to specifically cite certain matters already of record in this case in connection with preliminary injunction proceedings.")).

Plaintiffs' intentions are unclear.  At one point in their supporting memorandum they appear to make the amendment request contingently, "in the event that the Court concludes that the allegations in Retirees' First Amended Complaint are insufficient." (Pls.' Mem. in Supp. at 2).  A page later in that same memorandum, however, they state as follows: "Out of an abundance of caution, to ensure that the Court properly may consider the evidence that already is of record, Retirees submit the proposed Second Amended Complaint which specifically cites"

certain evidence upon which they wish the court to rely. (<u>Id.</u> at 3). Defendants do not, in any event, oppose the motion to amend.

The court, accordingly, ORDERS that the motion to amend be, and it hereby is, granted. It is further ORDERED that the Second Amended Complaint be, and it hereby is, filed this same day. Respecting the motion to dismiss, it is the better course to permit defendants to seek relief pursuant to Rule 12(b)(6) as to the Second Amended Complaint, which is now the operative pleading herein. It is, accordingly, ORDERED as follows:

1. That defendants' motion to dismiss be, and it hereby is, denied without prejudice;

2. That plaintiffs' unopposed motion to file a surreply be, and it hereby is, denied as moot; and

3. That defendants be, and they hereby are, given leave until January 16, 2012, to move pursuant to Rule 12(b)(6) as to the Second Amended Complaint, with any response and reply due in accordance with the Local Rules.[2] Counsel need not, however, file anew any

---

[2]Counsel should endeavor to raise all arguments in their opening brief so as to avoid the necessity of surreply briefing. The court will consider any subsequently filed motion to dismiss to be fully submitted upon the filing of defendants' reply brief, if any.

3

>     exhibits previously attached to their briefing
>     respecting the motion to dismiss that is denied without
>     prejudice today.  The court will deem those previously
>     filed exhibits fully applicable to the briefing
>     respecting any forthcoming motion to dismiss, as if
>     originally filed with such briefing.

Respecting the motion to stay, defendants assert the case should be halted inasmuch as a Rule 12(b)(6) challenge to the operative pleading might end this action, and the corresponding need for discovery.  Plaintiffs oppose the stay request.  They note, <u>inter alia</u>, as follows:

> [A]s explained at length in Retirees' dismissal response, Retirees believe that they are highly likely to prevail on the dismissal motion. Obviously, if discovery is not allowed to proceed during the months that the parties are awaiting decision on the dismissal motion and then the dismissal motion is in fact denied (as Retirees anticipate), then much time would have been wasted, further delaying ultimate resolution of this dispute. For this additional reason, discovery should not be stayed.

(Resp. at 6, 5 (stating defendants "can better withstand the costs of beginning discovery than low-income class members can withstand the deprivation of their health care benefits.")).  In their reply, defendants assert, <u>inter alia</u>, that plaintiffs themselves requested a stay previously in this case in order to appeal the denial of a preliminary injunction.

4

The court deems a stay both unnecessary and inadvisable.  A prompt decision on any Rule 12(b)(6) request will address the concerns expressed by defendants.  Once fully briefed, the court would expect to rule seasonably.  In the meantime, discovery may proceed according to the terms of the scheduling order entered this same day.

Respecting the motion to withdraw, Mr. Stember asserts that he is no longer working on this case in light of obligations to other clients.  Other counsel for plaintiffs, however, remain actively engaged in working on this matter, namely, William T. Payne of Stember Feinstein Doyle & Payne, and Joseph P. Stuligross, Associate General Counsel for the United Steelworkers.  The court, accordingly, ORDERS that the motion to withdraw be, and it hereby is, granted.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED:   December 29, 2011

John T. Copenhaver, Jr.
United States District Judge

5