UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| HAROLD DEWHURST and DAVID BRYAN, on behalf of themselves and all other persons similarly situated, and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC,<br><br>Plaintiffs,<br><br>v.<br><br>CENTURY ALUMINUM COMPANY, CENTURY ALUMINUM OF WEST VIRGINIA, INC., CENTURY ALUMINUM MASTER WELFARE BENEFIT PLAN, and DOES 1 THROUGH 20,<br><br>Defendants. | C.A. No. 2:09−cv−01546<br><br>(Formerly C.A No. 2:09-cv-1033, S.D. Ohio)<br><br>Judge John T. Copenhaver, Jr.<br><br>**THIRD AMENDED COMPLAINT FOR BREACH OF LABOR CONTRACT AND FOR BREACH OF ERISA PLAN**<br><br>Class Action<br><br>**Demand for Jury Trial** |

## THIRD AMENDED COMPLAINT AND JURY DEMAND

### I.  INTRODUCTION

1.  Plaintiffs Harold Dewhurst and David Bryan ("Class Representatives"), on behalf of themselves and all other persons similarly situated, and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("USW"), by their attorneys, bring this action against Defendants Century Aluminum Company ("CAC"), its wholly-owned subsidiary Century Aluminum of West Virginia, Inc. ("CAWV"), the Century Aluminum Master Welfare Plan ("Plan") and Does 1 Through 20, and aver as follows.

2.  This action is brought by named Class Representatives on behalf of themselves and a class of similarly-situated retirees, spouses and surviving spouses ("Class Members")

pursuant to Rule 23 of the Federal Rules of Civil Procedure, and by the USW, which was the collective bargaining representative for certain employees of CAWV or its predecessors.

3. Class Members earned their right to retiree medical benefits through decades of employment. Now retired, Class Members rely on retiree medical benefits for their medical needs. The rights were created through collective bargaining between CAWV (or its predecessors) and the USW, which represented retiree Class Members before they retired. The successive labor agreements contained provisions which established CAWV's obligation to provide retiree medical benefits throughout retirement at no cost. Despite these contract provisions, as well as other promises to provide benefits to Class Members throughout retirement, CAWV eliminated all coverage for some Class Members effective January 1, 2010 and for virtually all remaining Class Members effective January 1, 2011.

4. Since Class Members' retiree medical benefits were the result of bargaining between labor organizations and an employer, the actions of CAWV and CAC are actionable in this Court under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Defendants' conduct also violates Class Members' rights under an employee benefit plan, and is therefore actionable in this Court under Section 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3).

## II. JURISDICTION and VENUE

5. As both Counts raise federal questions, this Court has jurisdiction over them under 29 U.S.C. § 1331. This Court has jurisdiction over Count I under § 301 of the LMRA, 29 U.S.C. § 185, and over Count II under § 502(e)(1) and (f) of ERISA, 29 U.S.C. § 1132 (e)(1) and

(f). Venue in this judicial district is proper under § 301 of LMRA, 29 U.S.C. § 185, and § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

### III. PARTIES

6. Defendant CAC is a Delaware corporation with principal offices in Monterey, California. CAC operates aluminum plants in Hawesville, Kentucky; Ravenswood, West Virginia; Mt. Holly, South Carolina; and in Iceland. CAC is the parent company of Defendant CAWV. Upon information and belief, CAC is the plan administrator of the Defendant Plan (identified in ¶ 8) which provided the retiree health insurance benefits here at issue. Defendant CAC has such extensive contacts within this judicial district that it "may be found" in this district within the meaning of 29 U.S.C. § 1132(e)(2).

7. Defendant CAWV is a Delaware corporation. CAWV is an employer engaged in commerce, with an aluminum plant in Ravenswood, West Virginia. The Ravenswood plant was previously owned by Kaiser Aluminum Corporation. In 1989, Ravenswood Aluminum Corporation purchased certain of the primary aluminum smelting and related operations at Ravenswood from Kaiser Aluminum Corporation. In 1997, Ravenswood Aluminum Corporation was renamed Century Aluminum of West Virginia, Inc. ("CAWV"). On information and belief, CAWV is the plan sponsor of and also a fiduciary of the Defendant Plan (identified in ¶ 8) which provided the retiree health insurance benefits here at issue. Defendant CAWV is sued in its capacities as employer, plan sponsor and fiduciary. Defendant CAWV is qualified and registered to do business in West Virginia and has such extensive contacts within this judicial district that it "may be found" in this district within the meaning of 29 U.S.C. § 1132(e)(2).

8.  Defendant Plan is an "employee benefit plan" within the meaning of ERISA and provided retiree health benefits to Class Members through the Retired Employees' Group Insurance Program. On information and belief, the Plan's sponsor is Defendant CAWV and the Plan's administrator is CAC, as alleged in ¶¶ 6-7. The Plan is sued as a party that may be needed for just adjudication under Rule 19 of the Federal Rules of Civil Procedure ("FRCP"), and also as a party responsible for providing benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. §§ 1132(a)(1)(B).

9.  Defendants John Does 1 through 20, inclusive, are natural persons and/or corporate entities sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When said true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities. Plaintiffs are informed and believe and thereupon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that injury to the Class Members alleged is or will be proximately caused by such Defendants.

10. Plaintiffs are informed and believe and thereupon allege that, at all times mentioned, each of the Defendants was the co-venturer, partner, alter ego, or in some manner agent or principal, or both, of the other Defendants, and in doing the things alleged was acting within the course and scope of such agency. Among the entities which have this co-venturer, partner, alter ego, or agent or principal relationship are the parent corporation CAC and its wholly owned subsidiary CAWV, and it is appropriate to pierce the corporate veil between these two entities, and/or treat them as a single employer.

11.     Plaintiff and Class Representative Harold Dewhurst is an adult resident of Rutland, Ohio.  Until he retired in 1995, Dewhurst worked for CAWV or its predecessors at the Ravenswood plant, where he was a member of the USW bargaining unit.

12.     Plaintiff and Class Representative David G. Bryan is an adult resident of Gallipolis, Ohio.  Until he retired in 1994, Bryan worked for CAWV or its predecessors at the Ravenswood plant, where he was a member of the USW bargaining unit.

13.     Plaintiff USW is a labor organization headquartered in Pittsburgh, Pennsylvania. USW was known for decades as the United Steelworkers of America, AFL-CIO/CLC, before it changed its name in 2005 to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC.  The USW does business within this federal judicial district and maintains multiple offices within this district. The USW and CAWV (or its predecessors) have negotiated collective bargaining agreements, including the collectively bargained Plan, for hourly employees working at the Ravenswood plant.

## IV.  STATEMENT OF FACTS

14.     For many years, CAWV (and its predecessors) operated a plant in Ravenswood, West Virginia, where they have manufactured aluminum.  The Ravenswood plant is on the border of Ohio, and many of its retired employees, including Class Representatives, reside in Ohio.

15.     CAWV (including its predecessors) and the USW have a long-standing collective bargaining relationship and have been parties to a series of collective bargained agreements ("CBAs") covering bargaining unit employees at the Ravenswood plant.

16. As part of the CBA negotiations, CAWV and the USW negotiated retiree health benefits that were set forth in booklets entitled "Retired Employees' Group Insurance Program" and incorporated in every CBA.

17. The Retired Employees Group Insurance Program, which is part of the Century Aluminum Master Welfare Plan, provides for retiree health benefits to Class Members at no monthly cost "as [CAWV] pays the monthly cost."

18. The intent of the parties in negotiating the terms governing retiree health benefits (including terms set forth in the Retiree Employees Group Insurance Program) was that, once a person retired, the benefits were "vested" in that they were not subject to unilateral termination or reduction by CAWV.

19. CAWV's 1999 pension plan permitted plan alteration as follows: "….since future conditions cannot be anticipated or foreseen, the Company must necessarily, and does hereby, reserve the right to amend, modify, or terminate the Plan at any time by action of its Board of Directors with approval of the Union, subject to the provisions of the Act." No provision reserved any ability to alter retiree health benefits in any governing CBA or SPD (with the exception of a disputed draft 2007 SPD that made changes "subject to union negotiations," and that noted: "The plan described in this booklet is maintained subject to a collective bargaining agreement."). Also under the 1999 Pension Plan, an employee may retire as early as age 55, meaning that this promise might not be fulfilled for at least 10 years, beyond the duration of any applicable CBA.

20. Kaiser Aluminum, CAWV's predecessor, sold the Ravenswood plant to Ravenswood Aluminum Corporation ("RAC") in a multi-party transaction in 1989; in 1997, RAC changed its name to Century Aluminum of West Virginia, Inc. After Kaiser and RAC

6

entered an Asset Purchase Agreement, the USW, then referred to as the USWA, entered separate agreements with RAC and Kaiser dated February 2, 1989.  The RAC-USWA Agreement provided, *inter alia*: "RAC shall assume any and all current labor agreements, both written and oral, including pension assets and related liabilities, and current local agreements, which currently exist between Kaiser and USWA..."  The RAC-USWA Agreement also provided that "RAC agrees to pay retiree medical and life insurance benefits for all eligible employees who retire...from RAC."  The RAC-USWA agreement was "conditional upon the Union reaching an acceptable agreement with Kaiser concerning the sale of the Ravenswood Works."

21. The Kaiser-USWA Agreement provided, *inter alia*, that Kaiser would assign labor agreements to RAC, and would "retain all liability for retiree health and life insurance benefits owing to eligible Ravenswood Retirees who retired prior to the Closing Date [i.e., February 7, 1989]."  The Kaiser-USWA Agreement included Kaiser-backed guarantees of pension, retiree insurance and other retirement benefits in the event that the RAC permanently closed the plant.  Specifically, Kaiser's promise of benefits in the event of a shutdown was not payable except "[i]n the event of a permanent shutdown of the Works on or after [February 7], 1991, but prior to [February 7], 1994."  As to retiree health insurance, Kaiser agreed that, in the event of a permanent shutdown occurring between 1991 and 1994, the Company "will guarantee each former [Kaiser] employee at such works will receive...(c) [t]he same retiree health insurance coverage which would have been provided to such employee had the Works been shutdown as of [February 7], 1989."

22. The labor agreement in place in 1989 expired by its terms on October 30, 1990.

23. The guarantee described in paragraph 21 has meaning <u>if and only if</u> the benefit in place in 1989 continued after the 1988 agreement expired.

7

24. After CAWV and the USW negotiated a CBA in 2006, the CAWV published a 2007 Century Master Welfare Benefit Plan SPD (for "bargaining unit employees") ("2007 Master Plan SPD"). This SPD initially contained the following reservation of rights provision:

> The Plan Document and this SPD shall be subject to amendment, modification, and termination in accordance with any of its provisions by the Employer, or by mutual agreement between the Administrator and the Employer without the consent or concurrence of any Member. By electing medical and hospital benefits under the Plan or accepting the Plan benefits, all Members legally capable of contracting and the legal representatives of all Members incapable of contracting, agree to all terms, conditions, and provisions hereof.

25. When USW leaders saw the SPD before it was distributed, they strenuously objected. CAWV made no effort to defend this language but agreed to remove the entire provision, covering it with tape in each copy. CAWV also assured the USW that it had never claimed a Reservation of Rights or that it could change the plan at will. Further, Century left this language untouched in the 2007 Master Plan SPD:

> It is Century Aluminum's intent that the Century Aluminum Master Welfare Benefit Plan will continue indefinitely. However, Century Aluminum reserves the right to amend, modify, suspend or terminate the plan, in whole or in part, by action of the Century Aluminum Labor Relations Department, subject to union negotiations….The plan described in this booklet is maintained subject to a collective bargaining agreement. …

26. CAWV officials repeatedly told retiring class members that their benefits were "Lifetime," including by distributing a handout which promised: "Your spouse is covered by the same plan as you, provided she or he was your spouse at the time of Retirement. <u>If you predecease your spouse, he or she may continue coverage under the plan for his/her Lifetime</u>."

27. In 1989, RAC purchased the Ravenswood plant and assumed the existing CBA, which expired on October 31, 1990. The parties attempted to negotiate a new CBA, but negotiations broke down and the company locked out 1,700 employees. No CBA was in effect during the ensuing 16-month lockout; Century was not obligated to continue to provide medical

8

benefits to active employees, and it ceased to do so. However, the Company continued to provide retiree health benefits to retirees throughout the dispute.

28. Plaintiffs believe, and therefore aver, that additional evidence demonstrates that the bargaining parties intended that retiree health care benefits would vest. This evidence, extrinsic and otherwise, pertains to the bargaining context, bargaining history, and "the practice, usage and custom" of bargaining.

29. On or about October 19, 2009, long after Class Members' rights had vested, CAWV (on information and belief, with the approval and participation of CAC and the Plan), announced that it would be reducing and/or eliminating retiree health insurance for persons retiring after February 6, 1989 and before June 1, 2006. The announced unilateral changes, effective as of January 1, 2010 included:

- Canceling coverage to spouses and dependents who are age 65 or older.

- Imposing premiums for Class Members under the age of 65 of $55 per month for single coverage, $100 per month for joint coverage, and $175 per month for family coverage.

Subsequently, as described in, *inter alia*, announcements dated November 1, 2010, Defendants terminated coverage for virtually all Class Members. Defendants have also taken the position that they can terminate coverage for all Class Members.

30. Defendants are jointly and severally liable for the obligations arising under the collectively-bargained agreements to provide retirees health insurance at the levels specified in the agreements.

31. By unilaterally reducing or terminating retiree health insurance for virtually all Class Members and taking the position that they can terminate coverage for all Class Members, Defendants breached their obligations to Plaintiffs and to Class Members.

9

## V. CLASS ACTION ALLEGATIONS

32. With respect to the claim regarding retiree health insurance, Class Representatives bring this class action on behalf of themselves and a class consisting of all current or former employees (including laid off employees) of CAWV's Ravenswood facility ("Ravenswood Plant") and their spouses, dependents and surviving spouses who either (1) retired (other than with a deferred vested pension) from RAC or CAWV after February 6, 1989 and prior to November 1, 2010 and who are not currently receiving medical benefits from CAWV, (2) retired or retire (other than with a deferred vested pension) from CAWV on or after November 1, 2010 and prior to the effective date of a New CBA and who may be currently receiving medical benefits from CAWV, or (3) retired or retire from CAWV after the layoff at the Ravenswood Plant in February 2009 and prior to the effective date of a New CBA after losing their active medical coverage while on layoff and as to whom CAWV has denied or asserted that it will deny retiree medical coverage due to their not being enrolled in the active medical plan at the time of their retirement.

33. The number of Class Members is so numerous that joinder of individual members in this action is impracticable.

34. Class Members seek retiree health insurance coverage from the same or substantially similar collectively bargained employee benefit plans.

35. There are common questions of law and fact that relate to and affect Class Members -- namely, whether retiree health insurance benefits were meant to last, unaltered, throughout retirement, as set forth in more detail below in Counts I and II of this Complaint.

36. The relief sought is common to all Class Members as set forth below in the section titled, "Relief Requested."

37.     The claims of Class Representatives are typical of the claims of all Class Members, namely that Defendants are obligated under LMRA § 301 and ERISA to provide them with retiree health insurance benefits, as provided under collectively-bargained agreements between CAWV and the USW, and that Defendants could not unilaterally terminate or modify these benefits.  There is no conflict between Class Representatives and any other Class Member with respect to this action.

38.     The Class Representatives will fairly and adequately protect the interests of the Class Members.  Attorneys for the Class Representatives are experienced and capable in the field of labor law and ERISA and have successfully litigated numerous LMRA and ERISA class actions involving retiree benefits of former union employees.

39.     This action is properly maintained as a class action under Federal Rule of Civil Procedure 23(b)(2), in that Defendants have acted on grounds generally applicable to the class by unilaterally changing retiree health insurance and retiree life insurance benefits they are obligated to provide to Class Members, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole.

40.     Alternatively, this action is maintainable as a class action under FRCP Rule 23(b)(3), as the common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

41.     Alternatively, this action is maintainable as a class action under FRCP Rule 23(b)(1): Because of the uniform standards of conduct imposed by ERISA, the prosecution of separate actions by individual members of the class would create a risk of: (i) inconsistent adjudications that would establish incompatible standards of conduct for Defendants, and (ii)

adjudications that would be dispositive of the interests of non-party class members or substantially impair such non-party class members' ability to protect their interests.

## COUNT I

### Violation of Collective Bargaining Agreements, Actionable under LMRA § 301
### (Against Defendants CAWV and CAC by Individual Plaintiffs and USW)

42. Plaintiffs incorporate by reference all preceding allegations as though fully set forth here.

43. The collectively bargained agreements described above providing for retiree health benefits are "contract[s] between an employer and a labor organization" within the meaning of LMRA § 301, 29 U.S.C. § 185. The contracts conferred upon all Class Members a vested right to retiree health benefits throughout retirement. By announcing that they are unilaterally reducing and/or eliminating this coverage, CAWV and CAC breached these contracts.

44. CAWV's and CAC's breach of its collectively bargained obligations is actionable under LMRA § 301, 29 U.S.C. § 185.

## COUNT II

### Violation of Employee Benefit Plan, Actionable under ERISA § 502(a)(1)
### (Against all Defendants by Individual Plaintiffs only)

45. Plaintiffs incorporate by reference all preceding allegations as though fully set forth here.

46. Defendants are obligated to provide retiree health benefits pursuant to the terms of the Retired Employees Group Insurance Program within the Plan, which is an ERISA plan. The collectively bargained agreements described above providing for retiree health are "plan

documents." Defendants violated the terms of these agreements by unilaterally eliminating these benefits.

47. Defendants' repudiation of terms of the Plan is actionable under ERISA § 502(a)(1)(B) and (a)(3), 29 U.S.C. § 1132(a)(1)(B) and (a)(3). These ERISA provisions allow a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," and further "to enjoin any act or practice which violates . . . the terms of the plan, or . . . to obtain other appropriate equitable relief . . . to redress such violations or . . . to enforce . . . the terms of the plan." Additionally, a participant suing under these provisions is entitled to interest on any retroactive amounts awarded.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Certify this action as a class action and appoint Stember Feinstein Doyle Payne & Kravec, LLC, as counsel for the Class.

B. Declare that the retiree health insurance provided by the collectively-bargained agreements and Retired Employees' Group Insurance Program cannot be unilaterally terminated or modified by Defendants.

C. Permanently enjoin Defendants from terminating or modifying retiree health insurance coverage provided to Class Members under the collectively-bargained agreements and the Retired Employees' Group Insurance Program

D. Award to Class Representatives and to Class Members retiree health insurance benefits, pursuant to the terms of the collectively-bargained agreements and the Retired Employees' Group Insurance Program, and/or monetary damages or

restitution or other monetary relief (plus interest), as necessary, to restore them to the position in which they would have been but for Defendants' contractual and statutory violations.

E.  Award Plaintiffs their reasonable attorneys' fees and costs incurred in this action.

F.  Grant such further relief as may be deemed necessary and proper.

## VII.  JURY DEMAND

Plaintiffs request a jury trial of all issues so triable.

Respectfully submitted,

/s/ Bradley J. Pyles
Bradley J. Pyles (WV Bar #2998)
brad.pyles@cphtlogan.com
PYLES & TURNER, LLP
P.O. Box 596
Logan, WV  25601
(304) 752-6000

Pamina Ewing
pewing@stemberfeinstein.com
Stephen M. Pincus
spincus@stemberfeinstein.com
Stember Feinstein Doyle Payne & Kravec, LLC
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA  15219
(412) 281-8400

William T. Payne
wpayne@stemberfeinstein.com
Stember Feinstein Doyle Payne & Kravec, LLC
*Pittsburgh North Office*
1007 Mt. Royal Blvd.
Pittsburgh, PA  15223
(412) 492-8797

*Counsel for Plaintiffs*

Joseph P. Stuligross
Associate General Counsel
jstuligross@usw.org
United Steelworkers
Five Gateway Center, Suite 807
Pittsburgh, PA  15222
(412) 562-2526

*Counsel for Plaintiff UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC*

Dated:  June 11, 2012

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 11th day of June, 2012, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties indicated on the electronic filing receipt.

/s/ William T. Payne
William T. Payne
