```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON


HAROLD DEWHURST, and DAVID
BRYAN, on behalf of themselves
and all other persons similarly
Situated, and UNITED STEEL, PAPER
AND FORESTRY, RUBBER, MANUFACTURING,
ENERGY, ALLIED INDUSTRIAL AND
SERVICE WORKERS INTERNATIONAL UNION,
AFL-CIO/CLC,

        Plaintiffs,


v.                                     Civil Action No. 2:09-1546


CENTURY ALUMINUM COMPANY, and
CENTURY ALUMINUM OF WEST VIRGINIA,
INC., AND CENTURY ALUMINUM MASTER
WELFARE BENEFIT PLAN, and DOES
1 THROUGH 20

        Defendants.
```

### MEMORANDUM OPINION & ORDER

Pending is the joint motion to modify the class definition contained in the class certification order, filed February 9, 2017, in order to accommodate the $23 million proposed settlement in this case.

## I. Background

The history of this case is long and not directly relevant to the pending motion, so it will only be discussed briefly. On November 13, 2009, the individual plaintiffs, who are retired employees from a facility operated by one or more of the defendants, instituted this action in the United States District Court for the Southern District of Ohio. They were joined by the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC. On December 23, 2009, the action was transferred to the Southern District of West Virginia.

The class action complaint alleged that Century Aluminum Company's ("Century") decision to unilaterally modify or cancel medical benefits that it provides to retirees, spouses, surviving spouses, and dependents of retirees contravened the applicable collective bargaining agreements ("CBA") in violation of section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and violated sections 502(a)(1)(B) and (a)(3) of the Employment Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B) and (a)(3).

On June 24, 2010, the court certified a class consisting of approximately 437 individuals. See Plaintiff-Participants' Am.

Memo. in Supp. of Mot. for Class Certification (ECF Doc. No. 32) at 2.  The class definition in the class certification order consisted of all persons:

> who (1) are or were employee-participants in the Kaiser Aluminum Corporation and/or Ravenswood Aluminum and/or Century Aluminum of West Virginia, Inc. employee benefits plans which provide for retiree medical benefits, and (2) as to whom the USW had been the participants' collective bargaining representative, and who worked at the Ravenswood, West Virginia plant at the time of their retirement, and (3) who retired from Ravenswood Aluminum Corporation or Century Aluminum of West Virginia, Inc. after February 6, 1989 and before June 1, 2006, and (4) who are affected by Century Aluminum of West Virginia Inc.'s modification to or termination of retiree health benefits announced on or about October 19, 2009.  In addition, all dependents of participants, or spouses or surviving spouses of participants who meet criteria 1-4.

Class Certification Order (ECF Doc. No. 78) at 4.

The same day the court certified the above class, the court denied plaintiffs' motion for a preliminary injunction, finding that plaintiffs were not likely to succeed on the merits of their claims.  See Dewhurst v. Century Aluminum Co., 731 F. Supp. 2d 506 (S.D. W. Va. 2010).  On June 30, 2010, plaintiffs noticed their appeal of that ruling.  On August 24, 2011, the United States Court of Appeals for the Fourth Circuit affirmed.  See Dewhurst v. Century Aluminum Co., 649 F.3d 287 (4th Cir. 2011).

After motion practice and discovery, including a stay for purposes of permitting the parties to continue their attempts to settle the case, the court granted Century's motion for summary judgment on September 9, 2015, finding that the language in the applicable collective bargaining agreements provided that the retirees' healthcare benefits only remained in effect for the terms of those agreements, and that those benefits did not vest beyond the terms of the agreements. See Dewhurst v. Century Aluminum Co., No. 2:09-cv-1546, 2015 WL 5304616 (S.D. W. Va. Sept. 9. 2015). The court entered judgment for Century and dismissed the case.

Plaintiffs filed a timely appeal to the Fourth Circuit on October 7, 2015. After briefing was completed, the parties renewed their settlement discussions and reached an agreement in September 2016. On January 13, 2017, the parties filed a Joint Motion for Limited Remand in the Fourth Circuit, requesting remand so that this court could conduct settlement approval proceedings. The Fourth Circuit granted the motion on February 7, 2017.

On February 9, 2017, the parties filed a joint motion in this court for: (1) modification of the class definition; (2) preliminary approval of the settlement agreement; (3) approval of the proposed class action notice; (4) preliminary approval of the

enhancement awards; and (5) an order setting the dates for objections to the proposed settlement and for the fairness hearing.

Plaintiffs filed the third amended complaint on June 26, 2012, which was the operative pleading when the court granted summary judgment. The third amended complaint undertook to change the class definition to:

> all current or former employees of Century, along with their spouses, dependents and surviving spouses who either (1) retired (other than with a deferred vested pension) from RAC or CAWV after February 6, 1989 and prior to November 1, 2010 and who are not currently receiving medical benefits from CAWV, (2) retired or retire (other than with a deferred vested pension) from CAWV on or after November 1, 2010 and prior to the effective date of a new CBA and who may be currently receiving medical benefits from CAWV, or (3) retired or retire from CAWV after the layoff at the Ravenswood Plant in February 2009 and prior to the effective date of a New CBA after losing their active medical coverage while on layoff and as to whom CAWV has denied or asserted that it will deny retiree medical coverage due to their not being enrolled in the active medical plan at the time of their retirement.

Third Am. Compl. at ¶ 32. Although the court granted plaintiffs' request to amend the complaint, the purpose of which was to change the class definition, the parties did not request amendment of the class certification order.

As an unconditional part of the proposed settlement of the parties, they now request that the court amend the class

definition. The proposed class definition, which the parties asserted is an expanded one at the conference with the court on April 7, 2017, consists of 758 or more individuals. It is defined as follows:

> all current or former employees (including laid off employees) of CAWV's Ravenswood facility ("Ravenswood Plant") and their spouses, dependents, and surviving spouses who either (1) retired (other than with a deferred vested pension) from RAC or CAWV after February 6, 1989 and prior to November 1, 2012 and who are not currently receiving medical benefits from CAWV, (2) retired or retire (other than with a deferred vested pension) from CAWV on or after November 1, 2012 and who may be currently receiving medical benefits from CAWV, or (3) retired or will retire from CAWV after the layoff at the Ravenswood Plant in February 2009 after losing their active medical coverage while on layoff and as to whom CAWV has denied or asserted that it will deny retiree medical coverage due to their not being enrolled in the active medical plan at the time of their retirement. Employees who break service after November 1, 2012 without immediate pension eligibility are not Class Members.

Proposed Settlement Agreement at 1.4. The parties also seek to change the class type, which was originally certified as a Rule 23(b)(1)(A), (b)(2) and (b)(3) class to a Rule 23(b)(1)(A) and/or (b)(2) non-opt out class. See id. at 10.1.1. The mandatory nature of the class definition and Rule 23(b)(1)(A) and/or (b)(2) certification is set forth as follows:

> <u>Class Certification Order.</u> An order must be entered by the Court in the <u>Dewhurst Case</u> modifying the Court's class certification order of June 24, 2010 so that the Class is defined as in 1.4 <u>supra</u> as a non opt-out class action under Rule 23(b)(2) and/or Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure. . . .

6

Proposed Settlement Agreement at 10.1.1.

## II. Analysis

As noted, the parties seek to amend the class certification order by changing the definition of the class to the one contained in the proposed settlement agreement and additionally seek to change the class to a Rule 23(b)(1)(A) and/or Rule 23(b)(2) non-opt out class.

A. Change of Class Definition in Light of Rule 23(c)(1)(C)

Rule 23(c)(1)(C) of the Federal Rules of Civil Procedure states, "An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C).

As noted, the court entered judgment in favor of defendants on September 9, 2015. On October 7, 2015, plaintiffs initiated an appeal of the summary judgment determination in the Fourth Circuit. Before a decision on the appeal was issued, the parties reached a settlement, which led the Fourth Circuit to remand the case to this court for the limited purpose of conducting settlement approval proceedings.

At the April 7, 2017 conference, the court directed the parties to provide authority for whether Rule 23(c)(1)(C) permitted amending the class certification order after the court had granted summary judgment and entered a judgment order in favor of defendants. In the joint filing provided on April 12, 2017, the parties simply assert that the court may amend the class certification order despite the entry of the judgment order because in its limited remand order, the Fourth Circuit remanded the case for settlement approval proceedings pursuant to Rule 23, which, the parties contend, includes modification of the class certification order. Joint Submission at 2.

Rule 23 does not define "final judgment" for the purposes of 23(c)(1)(C). In 2003, Rule 23(c)(1)(C) was changed to permit modification of the class certification order prior to entry of final judgment as the previous version of the rule allowed modification only before "the decision on the merits," a term that in application proved to be somewhat ambiguous. The advisory committee notes that explain that change shed some light on the meaning of "final judgment" in that rule, stating,

> [This change] avoids the possible ambiguity in referring to "the decision on the merits." Following a determination of liability, for example, proceedings to define the remedy may demonstrate the need to amend the class definition or subdivide the class. In this setting the final judgment concept is pragmatic. It is not the same as the concept

8

>     used for appeal purposes, but it should be flexible,
>     particularly in protracted litigation.

Fed. R. Civ. P. 23(c)(1)(C), Advisory Committee Notes (2003).

In addition to the Advisory Committee's view that final judgment in the Rule 23(c)(1)(C) setting is subject to a pragmatic concept and that it should be a flexible one, particularly in protracted litigation, a number of cases prior to the 2003 rule change had suggested that the prior rule allowed for exceptions arising in "unusual circumstances" when the parties are not prejudiced. See, e.g., Scott v. City of Anniston, Ala., 682 F.2d 1353, 1357-58 (11th Cir. 1982) (stating that Rule 23(c)(1) does not permit a court, "absent unusual circumstances, to amend the class after" the time permitted in Rule 23(c)(1)); Smith v. Armstrong, 968 F. Supp. 50 (D. Conn. 1997) ("[E]ven assuming arguendo that Rule 23(c)(1) permits a postjudgment decertification" when unusual circumstances exist and the amendment will not prejudice the defendant, "the circumstances here do not warrant 'a departure from the general rule against post-judgment class certification amendments.'" (citations and quotations omitted); White v. Bowen, 116 F.R.D. 12, 14-15 (S.D.N.Y. 1987) (stating "the text of Rule 23(c)(1) . . . clearly does not invite amendments to class certification orders after judgment. . . . [T]he explicit permission to alter or amend a

certification order before decision on the merits plainly implies disapproval of such alteration or amendment thereafter," but then concluding that the Second Circuit has not "established an absolute rule against post-judgment amendments" to class certification and noting that such amendments have been allowed "in unusual circumstances, where an amendment will not prejudice the defendant") (internal citations and quotations omitted)); cf. Vizcaino v. U.S. Dist. Court for Western Dist. of Washington, 173 F.3d 713, 721-22 (9th Cir. 1999) (stating "We are aware of no authorities defining what 'unusual circumstances' allow a district court to circumvent the restriction imposed by Rule 23(c)(1)" and finding that the reasons the district court cited did not justify modification of the class after the time allowed in Rule 23(c)(1) and additionally did not comply with the circuit court's mandate earlier issued in that case).

Here, a number of unusual circumstances are present that warrant amendment of the class certification order after the entry of the judgment order. The parties in this case have agreed to settle plaintiffs' claims after more than seven years of litigation, despite the court's grant of summary judgment in defendants' favor. The Fourth Circuit, while not ruling on the court's grant of summary judgment, did determine that the court did not abuse its discretion in denying plaintiffs' motion for a

preliminary injunction on the grounds that they were not likely to succeed on the merits of their claims.  See Dewhurst v. Century Aluminum Co., 649 F.3d 287 (4th Cir. 2011).  In addition, in a similar case involving Constellium Rolled Products-Ravenswood, LLC's decision to alter the health benefits program of its retirees, the Fourth Circuit has recently determined that the governing collective bargaining agreement did not provide for vested retiree health benefits, where the collective bargaining agreement similarly provided that benefits would remain "in effect for the term of this . . . Labor Agreement."  See Barton v. Constellium Rolled Products-Ravenswood, LLC, No. 16-1103, ___ F.3d ___, 2017 WL 1948918 (4th Cir. May 11, 2017).  In doing so, the court of appeals relied on the United States Supreme Court's 2015 decision in M & G Polymers USA, LLC v. Tackett, 135 S.Ct. 926 (2015), and cited as well its own decision in Dewhurst.

Accordingly, what appears to be the all but certain outcome of this case should it proceed to decision in our court of appeals, together with the parties' cooperation in reaching a $23 million settlement after more than seven years of litigation, constitute highly unusual circumstances that warrant the demanded modification of the class definition.  Of course, inasmuch as the proposed class definition is agreed to by the parties and fosters

the generous settlement of the case, neither plaintiffs nor defendants are prejudiced by the modification.

### B. Proposed Class Definition

At the April 7th conference with the parties, counsel for both plaintiffs and defendants assured the court that the modified class definition does not exclude anyone from the previously certified class, and only expands the class to include retirees who lost medical benefits due to events occurring after the filing of the original complaint.

The court, in its discretion, finds that the modification of the class definition from the one contained in the class certification order is appropriate in order to facilitate the settlement between the parties and include additional persons affected by defendants' decision to modify the health benefits of its retirees. The court additionally finds that the requirements of Rule 23(a) - numerosity, commonality, typicality and adequacy of representation - continue to be satisfied in this case. The definition of the certified class is therefore amended to read exactly as specified by the parties as follows:

> all current or former employees (including laid off
> employees) of CAWV's Ravenswood facility ("Ravenswood Plant")
> and their spouses, dependents, and surviving spouses who
> either (1) retired (other than with a deferred vested
> pension) from RAC or CAWV after February 6, 1989 and prior to
> November 1, 2012 and who are not currently receiving medical
> benefits from CAWV, (2) retired or retire (other than with a
> deferred vested pension) from CAWV on or after November 1,
> 2012 and who may be currently receiving medical benefits from
> CAWV, or (3) retired or will retire from CAWV after the
> layoff at the Ravenswood Plant in February 2009 after losing
> their active medical coverage while on layoff and as to whom
> CAWV has denied or asserted that it will deny retiree medical
> coverage due to their not being enrolled in the active
> medical plan at the time of their retirement. Employees who
> break service after November 1, 2012 without immediate
> pension eligibility are not Class Members.

The class certification order originally certified a class under Rules 23(b)(1)(A), (b)(2) and (b)(3). The court finds it within its discretion and, upon agreement of the parties, directs the further modification that the class be a Rule 23(b)(1)(A) and (b)(2) non-opt out class.[1]

C. Notice Pursuant to 28 U.S.C. § 1715

Counsel for the parties have not confirmed with the court whether they have complied with the requirements contained in 28 U.S.C. § 1715. In order to start the running of the 90-day period prescribed by section 1715, the court directs defendants to

---

[1] While the class was certified, upon request of the parties, as a Rule 23(b)(1)(A), (b)(2) and (b)(3) class, class notice was never sent to class members after certification as would be required by Rule 23(c)(2)(B) for Rule 23(b)(3) classes.

send the required notices to the appropriate state and federal officials and thereafter file an affidavit on or before May 31, 2017, confirming that the requirements of section 1715 have been satisfied. In the meantime, the court will confer with counsel for the parties regarding the proposed notice to the class of the proposed settlement agreement.

### III. Conclusion

For the foregoing reasons, the joint motion to modify the class definition be, and it hereby is, granted. The court will resolve the remainder of the joint motion in a separate memorandum opinion and order after the parties have attended to the court's request respecting 28 U.S.C. § 1715.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: May 23, 2017

John T. Copenhaver, Jr.
United States District Judge