```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA
                             AT CHARLESTON
```

HAROLD DEWHURST, and DAVID
BRYAN, on behalf of themselves
and all other persons similarly
Situated, and UNITED STEEL, PAPER
AND FORESTRY, RUBBER, MANUFACTURING,
ENERGY, ALLIED INDUSTRIAL AND
SERVICE WORKERS INTERNATIONAL UNION,
AFL-CIO/CLC,

    Plaintiffs,

v.                                         Civil Action No. 2:09-1546

CENTURY ALUMINUM COMPANY, and
CENTURY ALUMINUM OF WEST VIRGINIA,
INC., AND CENTURY ALUMINUM MASTER
WELFARE BENEFIT PLAN, and DOES
1 THROUGH 20

    Defendants.


## MEMORANDUM OPINION & ORDER

       Pending is the joint motion for preliminary approval of class action Settlement Agreement; approval of proposed class action notice; preliminary approval of enhancement awards; and an

order setting the dates for objections to the proposed settlement and the fairness hearing.[1]

## I. Summary of Proposed Settlement

The court has reviewed the proposed Settlement Agreement and exhibits thereto, as well as the submissions of the parties. The proposed Settlement Agreement provides that Century Aluminum of West Virginia, Inc. ("CAWV"), will contribute $23 million to the VEBA Trust to be used for some of class members' health care expenses. Within fifteen days of the effective date of the Agreement, CAWV will make a $5 million payment to the VEBA Trust, and CAWV will thereafter make a $2 million payment to the VEBA Trust annually, for nine years. See Proposed Settlement Agreement at 4.2. The payments made into the VEBA Trust will be used to reimburse some pre-settlement medical expenses and will additionally provide annual contributions to Healthcare Reimbursement Accounts that will be established in each class member's name to be used for future medical costs. See Proposed Notice to Class at 5.B.

---

[1] Also part of the joint motion was a request by the parties to modify the class definition. The court granted this request in a separate memorandum opinion and order, entered on May 23, 2017.

The class, as modified in the court's memorandum opinion and order dated May 23, 2017, is defined as:

> all current or former employees (including laid off employees) of CAWV's Ravenswood facility ("Ravenswood Plant") and their spouses, dependents, and surviving spouses who either (1) retired (other than with a deferred vested pension) from RAC or CAWV after February 6, 1989 and prior to November 1, 2012 and who are not currently receiving medical benefits from CAWV, (2) retired or retire (other than with a deferred vested pension) from CAWV on or after November 1, 2012 and who may be currently receiving medical benefits from CAWV, or (3) retired or will retire from CAWV after the layoff at the Ravenswood Plant in February 2009 after losing their active medical coverage while on layoff and as to whom CAWV has denied or asserted that it will deny retiree medical coverage due to their not being enrolled in the active medical plan at the time of their retirement. Employees who break service after November 1, 2012 without immediate pension eligibility are not Class Members.

Memorandum Opinion & Order May 23, 2017 (ECF Doc. No. 212) at 12-13.

In order to maximize recovery for class members, class counsel is not asking the court to award any attorneys' fees or expenses. See Proposed Settlement at 14.2. Each party will bear its own fees and costs. Id.

Plaintiffs are seeking enhancement awards totaling $31,000 for the surviving class representative, David Bryan, and the members of the Retiree Committee. Id. Karen Gorrell will receive $5,000; Mr. Bryan, Ronald Dixon, Luther Gibson, John Morris, Lesley Shockey and James Weltner will each receive $4,000;

3

and Clarence Lawrence will receive $2,000. See Memo. in Supp. of Joint Mot. for Preliminary Approval of Settlement at 18-19.

## II. Analysis

### a. Preliminary Approval

In the preliminary approval stage, the court "should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b). . . . The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." Manual For Complex Litigation, 2004 WL 258821, § 21.632 (4th Ed.).

As noted in the court's memorandum opinion and order amending the class definition, dated May 23, 2017, the requirements of 23(a) continue to be satisfied in this case. Moreover, the class meets the requirements of a Rule 23(b)(1)(A) and (b)(2) non-opt out class.

### 1. Fairness of Proposed Settlement

In evaluating the fairness of a proposed class action settlement, a district court should consider: (1) "the presence of absence of collusion among the parties[;]" (2) "the posture of the case at the time settlement is proposed[;]" (3) "the extent of discovery that has been conducted[;]" and (4) "the circumstances surrounding the negotiations and the experience of counsel."  See In re Mid-Atlantic Toyota Antitrust Litigation, 564 F. Supp. 1379, 1383-84 (D. Md. 1983) (citing In re Montgomery County Real Estate Antitrust Litigation, 83 F.R.D. 305 (D. Md. 1979)).

The procedures by which the parties reached the settlement meet the fairness prong.  The settlement appears to be the product of good faith, arm's length bargaining that has taken place over more than seven years of litigation during which the parties engaged in extensive discovery.  Though the parties engaged in settlement negotiations throughout the pendency of the litigation in this court, the proposed settlement was not reached until after this court's grant of summary judgment in defendants' favor.  The settlement was accomplished while the appeal of that judgment order was pending before the United States Court of Appeals for the Fourth Circuit, which, on February 7, 2017, remanded the case to this court to conduct settlement approval

proceedings. The negotiations have resulted in a generous settlement proposal that is favorable to the certified class for the reasons noted by the court in its memorandum opinion and order entered on May 23, 2017, which defined the class. Thus, the resulting settlement does not raise suspicion of collusion. Moreover, that each side has agreed to pay its own costs and does not seek fees from the settlement further demonstrates its fairness.

2. Adequacy of Proposed Settlement

In addressing the "adequacy" of a proposed class settlement, district courts consider: "(1) the relative strength of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial; (3) the anticipated duration and expense of additional litigation; (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement." See id. at 1384 (citing In re Montgomery County Real Estate Antitrust Litigation, 83 F.R.D. 305 (D. Md. 1979).

The proposed settlement meets the adequacy prong when the likelihood of recovery is weighed against the proposed settlement amount. As discussed more fully in the court's May 23,

2017 memorandum opinion and order, the generous settlement in this case is quite adequate when considering that the court granted summary judgment in defendants' favor.  Although the appeal of that determination is still pending before the Fourth Circuit, the likelihood that the decision will be reversed is small when considering that the court of appeals found that the court did not abuse its discretion in denying plaintiffs' motion for a preliminary injunction on the grounds that they were not likely to succeed on the merits of their claims, together with the Fourth Circuit's recent decision in Barton v. Constellium Rolled Products-Ravenswood, LLC, which similarly involved a company's decision to modify the health benefits program of its retirees. See Dewhurst v. Century Aluminum Co., 649 F.3d 287 (4th Cir. 2011); Barton v. Constellium Rolled Products-Ravenswood, LLC, No. 16-1103, ___ F.3d ___, 2017 WL 1948918 (4th Cir. May 11, 2017).

The Settlement Agreement is thus preliminarily approved. The court finds that the settlement set forth in the Settlement Agreement is within the range of possible final approval as being fair, reasonable, and adequate.  Accordingly, the court directs that notice of the Settlement Agreement be provided to the Class pursuant to Federal Rule of Civil Procedure 23(e)(1).

### b. Class Notice

The court has reviewed the form of the Revised Class Notice (ECF Doc No. 215-1) and finds that it complies with the requirements of Federal Rule of Civil Procedure 23(d), (e) and (h) and fairly presents the terms of the Settlement Agreement and the Class Members' rights and responsibilities in the settlement approval process. The court ORDERS that the Revised Class Notice be substituted for Exhibit A-4 (ECF Doc. No. 205-5) to the Settlement Agreement, which Revised Class Notice is hereby ORDERED filed.

By June 9, 2017, Century Aluminum of West Virginia, Inc. ("CAWV") will send the Class Notice to each identified Class Member household by first class mail at his or her last known current address. Counsel for CAWV will file an Affidavit of Mailing with the court and serve copies of that Affidavit on all counsel by August 3, 2017.

The mailing of the Class Notice to those Class Members provides due and sufficient notice of the proceedings and of the proposed settlement approval procedure, thus satisfying the requirements of Federal Rule of Civil Procedure 23 and due process. The court finds that such notice is the best notice

practicable under the circumstances and will effectuate actual notice to the Class of the settlement.

### c. Enhancement Awards

The court has reviewed the proposed enhancement awards for Class Representative David Bryan and seven other Class Members who contributed to Plaintiff's efforts in this case. The court finds these enhancement awards within the range of possible final approval as being reasonable. Thus, the proposed enhancement awards are preliminarily approved.

### d. Objections to Proposed Settlement and Fairness Hearing

A hearing will be conducted before the court at 1:30 p.m. on August 14, 2017, toward final determination of the fairness, reasonableness, and adequacy of the terms and conditions of the settlement set forth in the Settlement Agreement and Exhibits thereto, including the enhancement awards. Any Class Member may appear personally or by counsel at the hearing and may object or express his or her views regarding the Settlement Agreement. However, a Class Member will not be heard, nor be entitled to contest the court's approval of the Settlement Agreement, unless on or before July 24, 2017, he or she has mailed

a written objection and any supporting papers to the Clerk of the Court, such address to be set forth in the Class Notice.

Any Class Member who does not file and serve his or her objections in this manner will be deemed to have waived his or her objections and will be permanently precluded from making any objections to the fairness or adequacy of the proposed Settlement Agreement and/or enhancement awards.

The parties may submit briefs in response to any objections on or before August 3, 2017.

The hearing may be continued or adjourned by order of the court, from time to time, and without further notice to the Class, except that notice will be provided to any Class Member who has timely filed an objection.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: May 31, 2017

John T. Copenhaver, Jr.
United States District Judge