```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

HAROLD DEWHURST, and DAVID
BRYAN, on behalf of themselves
and all other persons similarly
Situated, and UNITED STEEL, PAPER
AND FORESTRY, RUBBER, MANUFACTURING,
ENERGY, ALLIED INDUSTRIAL AND
SERVICE WORKERS INTERNATIONAL UNION,
AFL-CIO/CLC,

    Plaintiffs,

v.                                                            Civil Action No. 2:09-1546

CENTURY ALUMINUM COMPANY, and
CENTURY ALUMINUM OF WEST VIRGINIA,
INC., AND CENTURY ALUMINUM MASTER
WELFARE BENEFIT PLAN, and DOES
1 THROUGH 20,

    Defendants.

FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AGREEMENT AND FINAL APPROVAL OF ENHANCEMENT AWARDS

        The court has reviewed the parties' Joint motion for Final Approval of Class Action Settlement Agreement and Enhancement Awards, the Class Action Settlement Agreement, and the accompanying attachments to the Class Action Settlement Agreement. A fairness hearing was held on August 14, 2017. For good cause

shown and after careful consideration, the court now finds and orders as follows:

1. On February 9, 2017, Plaintiffs United Steel, Paper and Forestry, Rubber, Manufacturing, Energy Allied Industrial and Service Workers International Union, AFL CIO, CLC ("USW"), and the Class Representatives on behalf of the Class (collectively, "Plaintiffs"), and Defendants Century Aluminum Company ("CAC"), Century Aluminum of West Virginia, Inc. ("CAWV"), and Century Aluminum Master Welfare Benefit Plan (collectively, "Century") filed a Joint Motion for (1) Modification of Class Definition, (2) Preliminary Approval of Class Action Settlement Agreement, (3) Approval of Proposed Class Action Notice, (4) Preliminary Approval of Enhancement Awards, and (5) an Order Setting the Dates for Objections to the Proposed Settlement and the Fairness Hearing ("Joint Motion for Preliminary Approval").

2. On February 10, 2017, pursuant to the Class Action Fairness Act, Century caused notices of the settlement to be mailed to the U.S. Attorney General and the Attorneys General in the states where Class Members reside.

3. On May 23, 2017, to facilitate the settlement between the parties and include additional persons affected by CAWV's modifications to the health benefits of its retirees, and

2

finding that the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation continued to be satisfied, the court granted the parties' motion to modify the Class as a Rule 23(b)(1)(A) and (b)(2) non-opt-out class with the following Class definition:

> all current or former employees (including laid off employees) of CAWV's Ravenswood facility ("Ravenswood Plant") and their spouses, dependents, and surviving spouses who either (1) retired (other than with a deferred vested pension) from RAC or CAWV after February 6, 1989 and prior to November 1, 2012 and who are not currently receiving medical benefits from CAWV, (2) retired or retire (other than with a deferred vested pension) from CAWV on or after November 1, 2012 and who may be currently receiving medical benefits from CAWV, or (3) retired or will retire from CAWV after the layoff at the Ravenswood Plant in February 2009 after losing their active medical coverage while on layoff and as to whom CAWV has denied or asserted that it will deny retiree medical coverage due to their not being enrolled in the active medical plan at the time of their retirement. Employees who break service after November 1, 2012 without immediate pension eligibility are not Class Members.

4.  On May 31, 2017, the court granted the remainder of the relief requested in the parties' Joint Motion for Preliminary Approval.  In particular, finding that the settlement was within the range of possible final approval as being fair, reasonable, and adequate, the court preliminarily approved the settlement. Finding that the proposed enhancement awards were within the range of possible final approval as being reasonable, the court preliminarily approved the enhancement awards.  Finding that the proposed Class Notice — a revised version of which the parties

3

submitted on May 26, 2017 — complied with the requirements of Rules 23(d),(e), and (h), the court approved the Class Notice. Finally, the court set a deadline for Class Member objections and scheduled a fairness hearing.

5. On June 2, 2017, Century caused the notice of the Settlement Agreement to be mailed to Class Members at their last known current addresses. After a number of notices were returned as undelivered, Century caused them to be re-mailed to Class Members at newly identified current addresses as necessary. This was the best notice practicable and was reasonably calculated to apprise Class Members of this litigation, the Settlement Agreement, the fairness hearing, and Class Members' right to object to the Settlement Agreement. The Class Members received adequate notice of the settlement pursuant to Fed. R. Civ. P. 23.

6. Notice to the Class Members informed them that any objections to the settlement must be filed on or before July 24, 2017. The notice further indicated that a fairness hearing would be held on August 14, 2017. One Class Member, Karen S. Gorrell, sought conditional leave to speak at the fairness hearing. Specifically, Ms. Gorrell requested "the right to speak at the hearing in case there should be any class members that file to

4

oppose the settlement agreement." The court notes that no class member filed any objection to the Settlement Agreement.

7. The Settlement Agreement is approved for the reasons set forth herein as well as that which is set forth in the court's memorandums opinions and orders of May 23, 2017, and May 31, 2017. The Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions. The Settlement Agreement will be binding on Century and the Class Members.

8. The Settlement Agreement is fair, adequate and reasonable, and in the best interests of Class Members.

>a) There are substantial risks, expense and delay likely in the event that this matter is not settled. Many of the Class Members are elderly and/or disabled. They may not survive future litigation.

>b) The Settlement enables the Class Members to receive post-retirement health benefits. CAWV will make annual contributions to the USW Century Aluminum Retirees Health and Welfare Trust ("Welfare Trust," referred to in the Settlement

5

Agreement as the "VEBA Trust"). The amounts contributed to the Welfare Trust will be used towards providing Class Members with reimbursement for some pre-settlement medical expenses as well as contributions to Healthcare Reimbursement Accounts ("HRAs"), which will help Class Members pay for some of their future medical costs.

(c) The Class Members are represented by experienced counsel who have competently evaluated the strength of their proofs and are well situated to evaluate the strengths of Plaintiffs' claims and Century's defenses.

(d) The parties have participated in extensive investigation and discovery regarding their respective claims and defenses.

(e) The Settlement is the product of arms' length negotiations by experienced counsel.

(f) Settling class claims and compromising claims for retirees, particularly in the collective bargaining area, is consistent with the public interest.

>> (g) No Class Members filed objections to the Settlement Agreement.

> 9. The court specifically approves the following release as set forth in Section 15 of the Settlement Agreement (capitalized terms have the meanings set forth in the Settlement Agreement):

>> 1. In consideration of CAWV's entry into this Settlement Agreement, and the other obligations of CAWV contained herein, the Class Representative, Plaintiffs' Counsel, and the USW hereby consent to the entry of the Judgment, which will be binding upon all Class Members as defined in Section 1.4. All of the release provisions set forth in this Settlement Agreement shall be provided in or encompassed by the Judgment.

>> 2. As of the Effective Date, the USW Releasors shall forever release and discharge Century with respect to any and all rights, claims or causes of action that any USW Releasors had, has, or hereafter may have, whether known or unknown, suspected or unsuspected, concealed

or hidden, arising out of, based upon or otherwise related to any of the claims arising, or which could have been raised, in connection with the Dewhurst Case concerning the entitlement to and/or provision or vesting of retiree medical obligations, as well as any claims that this Settlement Agreement, any document referred to or contemplated herein or any action taken to carry out this Settlement Agreement is not in compliance with applicable laws and regulations; provided, however, in the event that the Settlement Agreement is terminated pursuant to Section 11, this release shall have no force or effect.

3. As of the Effective Date, the USW Releasors shall forever release and discharge Century from any and all rights, claims or causes of action that any USW Releasor had, has, or hereafter may have, whether known or unknown, suspected or unsuspected, concealed or hiding, arising out of, based upon or otherwise related to the claims raised in Grievances 11-02-G and 11-03-G concerning the requirement

that an employee be enrolled in the active medical plan at the time of retirement in order to qualify for retiree medical coverage. Within three business days of the Effective Date, the USW agrees to withdraw with prejudice Grievance 11-02-G, filed by Elijah Morris on April 8, 2011 and Grievance 11-03-G, filed by Elijah Morris on May 5, 2011.  A lapse in health insurance coverage prior to the date of retirement shall not be considered by the VEBA Trust in determining eligibility to participate in benefits offered under the Plan.

4. The Parties agree that the releases in Sections 15.2 and 15.3 constitute the only obligations of Local 5668 under this Settlement Agreement.  Local 5668 was not involved in the negotiations of this Settlement Agreement, other than this Section 15.  However, the Parties and Local 5668 agree that the agreements and obligations undertaken by CAWV that will benefit retired employees previously represented by Local 5668 provide

        consideration for Local 5668's release in Sections 15.2 and 15.3.

5. The Parties expressly waive any rights and benefits conferred upon them by the provisions of California Civil Code Section 1542 (or similar provisions) which provides that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

6. Notwithstanding Sections 15.1 through 15.5, Section 15 shall not apply to medical claims incurred prior to the Effective Date under the terms of the CAWV Retiree Medical Plan provided that such claim is not related to issues of eligibility for or provision or vesting of retiree medical benefits.

10. All claims of Plaintiffs and Class Members released in the Settlement Agreement are dismissed with prejudice.

10

11. The proposed enhancement awards are approved as reasonable.

    (a) The parties proposed enhancement awards to be awarded to the Class Representative and seven other individuals.

    (b) Enhancement awards will be paid from the first payment to be made by the CAWV as follows: $4,000 to each of David Bryan, Ronald Dixon, Luther Gibson, John Morris, Lesley L. Shockey, and James Weltner; $5,000 to Karen S. Gorrell; and $2,000 to Clarence M. Lawrence.

    (c) Mr. Bryan served as the sole surviving Class Representative, actively participating in this case such as by, among other things, having his deposition taken.

    (d) The remaining individuals, all Class Members, served in various capacities on the Century Aluminum Retiree Committee, which was instrumental in lobbying for and ultimately obtaining the settlement.

12. This is a final appealable order.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: August 18, 2017

John T. Copenhaver, Jr.
United States District Judge